KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7736
Facsimile: (619) 235-2757
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0384-DMS |
|---|---|---|
| Plaintiff, | ) ) ) | Date: May 9, 2008<br>Time: 11:00 a.m. |
| v. | ) ) | The Honorable Dana M. Sabraw |
| MIGUEL ANGEL GONZALEZ-PINTO, | ) ) ) | **STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| Defendant. | ) ) ) ) ) | |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its Motions in the above-referenced case for (1) Fingerprint Exemplars; (2) Reciprocal Discovery; and (3) Leave to File Further Motions. These motions are based on the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

/ /

/ /

/ /

**I**

**STATEMENT OF THE CASE**

On February 14, 2008, a federal grand jury in the Southern District of California returned a two-count Indictment charging Miguel Angel Gonzalez-Pinto ("Defendant") with one count of illegal alien in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2), and one count of unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(9). On February 14, 2008, Defendant was arraigned on the Indictment and pled not guilty. The next motion hearing/trial setting is on May 9, 2008. The United States hereby files the following motions for fingerprint exemplars, reciprocal discovery and leave to file further motions.

**II**

**STATEMENT OF FACTS**

**A.   OFFENSE CONDUCT**

On January 18, 2008, Immigration and Customs Enforcement (ICE) Deportation Officers Gomez and Brown headed to Alpine, California to apprehend Defendant, who was a fugitive alien with an outstanding order of removal that was issued by an immigration judge on or about August 23, 2004. During routine records checks, deportation officers learned that Defendant had registered a 1997 Dodge Dakota pickup truck to 5353 Willows Road in Alpine, California.

On January 18, 2008, at approximately 6:45 a.m., deportation officers encountered Defendant standing outside a driveway at 9119 Willows Road in Alpine, California. Officers recognized Defendant from previously viewing his California driver's license photograph during the routine records checks. Officers Gomez and Brown identified themselves to Defendant, and Defendant acknowledged that he was "Miguel Angel Gonzalez-Pinto." Officer Gomez placed Defendant under arrest and performed a patdown for officer safety. During the patdown, Officer Gomez felt a large object that resembled the handle grip of a firearm bulging out of Defendant's waistband. Officer Gomez asked Defendant whether he had a gun, and Defendant replied "Yes" in Spanish. Officer Gomez removed from Defendant's waistband a revolver – a Ruger magnum, .44 caliber, model Ruger Super Blackhawk, serial number 84-22633. The firearm was loaded with six .44 caliber magnum rounds. Defendant told Officer Gomez that the firearm did not belong to him.

Officer Gomez contacted the San Diego Sheriffs Department to take custody of the firearm. Deputy H. Fuentes arrived at the scene in Alpine, California and took possession of the firearm. Deputy Fuentes performed a records check on the firearm and determined that the firearm was registered to someone other than Defendant.

On January 18, 2008, Special Agent M. Beals with the Bureau of Alcohol, Tobacco, Firearms and Explosives informed ICE deportation officers that the firearm was manufactured in Connecticut, and therefore, the firearm had traveled in and affected interstate commerce.

**B.    DEFENDANT'S IMMIGRATION HISTORY**

Defendant is a citizen and national of Mexico. Defendant was ordered excluded, deported, and removed from the United States to Mexico pursuant to an order issued by an immigration judge on or about August 23, 2004. Defendant appealed his deportation order and was issued an EAD Work Authorization Card, which expired on August 19, 2005. On January 16, 2006, the Board of Immigration Appeals further upheld the Immigration Judge's Order of Removal to Mexico. On April 26, 2006, Defendant appealed his case to the Ninth Circuit. On December 6, 2006, Defendant filed a motion to dismiss his appeal with the Ninth Circuit, and on December 11, 2006, the Ninth Circuit granted Defendant's motion for voluntary dismissal. In addition, records checks revealed that Defendant applied for a Border Crossing Card on October 12, 1983; however, his application was denied on June 7, 1986.

**C.    DEFENDANT'S CRIMINAL HISTORY**

Defendant has a violent criminal history involving corporal injury to his spouse. On or about October 4, 1994, Defendant was convicted of corporal injury of a spouse, a felony, in violation of California Penal Code § 273.5, and received a sentence of 180 days in jail and 3 years probation. On or about January 19, 2001, Defendant was convicted again of corporal injury of a spouse, a misdemeanor, in violation of California Penal Code § 273.5, and received a sentence of 270 days in jail. On September 11, 2001, Defendant was found in violation of his probation with regard to his 2001 conviction and was sentenced to an additional 15 days in jail.

//
//
//

# III

# MEMORANDUM OF POINTS AND AUTHORITIES

## A.    MOTION FOR FINGERPRINT EXEMPLARS

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (Government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution). Identifying physical characteristics, including fingerprints, are not testimonial in nature and the collection and use of such evidence would not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969). See also Schmerber v. California, 384 U.S. 757, 761 (1966) (withdrawal of blood is not testimonial).

## B.    MOTION FOR RECIPROCAL DISCOVERY

The United States hereby requests Defendant deliver all material to which the United States may be entitled under Fed. R. Crim. P. 16(b) and 26.2.

### 1.    Defendant's Disclosures Under Fed R. Crim. P. 16(b)

The United States has voluntarily complied and will continue to comply with the requirements of Fed. R. Crim. P. 16(a). As of the date of this Motion, the United States has produced 1,328 pages of discovery (including reports of the arresting officers and agents, criminal history reports, documents concerning Defendant's prior convictions and immigration history) and one DVD-ROM containing Defendant's videotaped, post-arrest statements. As of the date of this Motion, the United States has **not** received any reciprocal discovery from Defendant. Therefore, the United States invokes Fed. R. Crim. P. 16(b), requiring that reciprocal discovery be provided to the United States.

The United States hereby requests Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in

connection with this case, which are in the possession or control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which was prepared by a witness whom Defendant intends to call as a witness. Because the United States will comply with Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Fed. R. Crim. P. 16(b)(1). The United States also requests that the Court make such order as it deems necessary under Fed. R. Crim. P. 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

**2.     Witness Statements Under Fed. R. Crim. P. 26.2**

Fed. R. Crim. P. 26.2 requires the production of prior statements of all witnesses, except a statement made by Defendant. Fed. R. Crim. P. 26.2 requires reciprocal production of statements, in accordance with the Jencks Act.

The timeframe established by Fed. R. Crim. P. 26.2 requires the statement to be provided after the witness has testified. In order to expedite trial proceedings, the United States hereby requests Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

**C.     MOTION FOR LEAVE TO FILE FURTHER MOTIONS**

Should new information or legal issues arise, the United States respectfully requests the opportunity to file such further motions as may be appropriate.

**IV**

**CONCLUSION**

For the foregoing reasons, the United States requests the Court grant the United States' Motions for Fingerprint Exemplars, Reciprocal Discovery and Leave to File Further Motions.

DATED: April 28, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Joseph J.M. Orabona*
JOSEPH J.M. ORABONA
Assistant United States Attorney